IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**ROBERT LOWELL MOODY, III**,

    Plaintiff,

vs.                                                                                                       Civ. No. 10-981 LH/WDS

**CITY OF ROSWELL**,

    Defendant.

### MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Robert Lowell Moody III's motion seeking authorization to proceed *in forma pauperis* ("IFP") with this litigation, *i.e.*, without prepaying costs or filing fees. *See* Doc. 2, filed October 18, 2010. When determining whether to grant permission to proceed IFP, the Court must "review the affidavit and screen [Moody's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, [] fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim, it must dismiss the case. *See* § 1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006) (noting that dismissal under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if

a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotations omitted).

Moody, who is 39 years old and has two dependents, receives disability payments of $607/month. *See* Doc. 2 at 2, 5. His wife also is disabled and receives $946/month in disability benefits and food stamps. *See id.* Only one of Moody's two children lives with him; he alleges that he is obligated to pay $180/month in child support for the other child. *See id.* at 4. But Moody does not indicate whether either of his children also receive additional SSI benefits because of his and/or his wife's disability and whether that income replaces his child-support obligation to his former wife. *See* Benefits for Children, SSA Pub. No. 05-10085, Sept. 2009, found at http://www.ssa.gov/pubs/10085.html#who.

Moody's family's expenses for necessities are $845/month for rent and utilities, $400/month for food (although it is unclear whether that amount includes the $98/month received in food stamps), $26/month for medical care, $21/month for car insurance, $70/month for transportation, and $40/month for laundry. On these facts, without holding a hearing to determine whether Moody's children also receive benefits that are paid to him, his wife, or his ex-wife on the childrens' behalf, the Court concludes that Moody has not established that, because of his poverty, he cannot pay filing fees. The Court need not hold a hearing regarding Moody's financial affidavit, however, because, as discussed below, permission to proceed IFP must be denied and Moody's Complaint must be dismissed for failure to state a cognizable federal claim against the Defendant.

Moody is suing the City of Roswell under 42 U.S.C. § 1983 because "police officers and judges acting in an official capacity are responsible for violating [his] rights." Complaint at 1. As background, Moody alleges facts regarding three incidents. First, he describes an allegedly illegal

incarceration by a named police officer and named judge in 2002. *See id.* at 2. Judges, however, are absolutely immune from suit for judicial actions taken in their official capacities in cases over which they have jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam). And the 3-year statute of limitations in New Mexico for § 1983 actions against the police officer would bar any claims against the officer or the City based on the alleged incident in 2002. *See Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008). Moody cannot state a cognizable federal claim for anything that occurred in 2002.

The second incident Moody complains of regards his discovery in March or April 2007 that his noncustodial son had been taken by the state from the son's mother because of the mother's drug abuse. Moody states that when he challenged the custody situation "in the courtroom" on an unidentified date, he "was shown forged documents in my name by Elizabeth Cunningham." Complaint at 2. He does not say who Cunningham is or whether she works for the City of Roswell. Moody states he was then "told [by an unidentified person] to sign another piece of paper or go to jail for 11 years." *Id.* Moody does not elaborate on the nature or legal effect of the paper he signed. But if this incident occurred before October 18, 2007, the statute of limitations has also run on any potential § 1983 damages claim regarding the incident. And critically, Moody also has alleged no facts to show that the City of Roswell had any kind of policy or custom that could result in its liability under § 1983.

> Since *Monell*, the Supreme Court has "consistently refused to hold municipalities liable under a theory of *respondeat superior*" but nonetheless has imposed liability upon municipalities when the enforcement of their policies or customs by their employees causes a deprivation of a person's federally protected rights. *Brown*, 520 U.S. at 403, 117 S. Ct. 1382. Therefore, the Court "require[s] a plaintiff seeking to impose liability on a municipality under § 1983 to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* "That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action

3

> and the deprivation of federal rights." *Id*. at 404, 117 S. Ct. 1382 (emphasis added). *Monell* and its progeny clearly stand for the proposition that the very language of § 1983 provides for the imposition of liability where there exists an "affirmative" or "direct causal" link between a municipal person's adoption or implementation of a policy and a deprivation of federally protected rights, and that imposing liability upon such a basis does not implicate *respondeat superior*.

*Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010. Moody has failed to state a claim against the City regarding the 2007 events.

Finally Moody states: "This has continued off and on until recently when I was placed in jail and drivers license suspended for being disabled." Complaint at 2. But Moody does not say what "this" is; lists no dates of the alleged arrest and suspension; does not say where he was put in jail (and he now lives in Albuquerque); and again fails to allege any facts to show municipal liability. Moody has failed to state a cognizable federal claim regarding a recent arrest against the City of Roswell.

For Count I Moody asserts violation of his due-process rights under § 1983 but fails to set out any further supporting facts. *See* Complaint at 3. For Count II he states, "parental rights" and put "Documentation from Albuquerque Police Dep." in the section for "supporting facts." *Id.* For Count III, Moody states, "human rights," but again fails to set out any additional supporting facts. *See id.* at 4. For relief, Moody demands "reinstatement of my driver's license. visitation w/ my son. an appoligiy [sic] (public) to be left alone by city of Roswell & its officials or $5.5 Billion Dollars." *Id.* at 5.

Of course, even if Moody had stated a cognizable claim against the City, the Court could not grant his requested relief for reinstatement of his driver's license, which was apparently recently revoked in a criminal proceeding. *See Jones v. Grant*, No. 00-2314, 5 Fed. App'x 836, 838, 2001 WL 201974, *2 (10th Cir. May 21, 2001) (noting, in case where plaintiff sought reinstatement of

driver's license that, "[e]ven if [the plaintiff] sought declaratory relief and money damages against certain city and state officials, the Supreme Court has held a claim is not cognizable under § 1983 if it implies the invalidity of the punishment imposed") (citing *Edwards v. Balisok*, 520 U.S. 641, 648 (1997)).  Moody's remedy is to appeal from that revocation in the state courts.

The Court may also not interfere with the custodial decisions of the state courts by granting visitation rights where none have been awarded in the custodial proceedings.  *See Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996) (noting that the comity considerations of the *Younger* abstention doctrine are particularly vital in "child custody proceedings[, which] are an especially delicate subject of state policy"); *Hennelly v. Flor de Maria Oliva*, No. 06-2265, 237 Fed. App'x 318, 320, 2007 WL 1464248, *1 (10th Cir. May 21, 2007) (noting that the *Rooker- Feldman* doctrine precludes federal courts from reviewing the final decisions of state tribunals in child-custody matters, and the *Younger* abstention doctrine prevents the federal district court from interfering in an ongoing state child-custody proceeding).

**IT IS ORDERED** that Moody's Motion to Proceed IFP [**Doc. 2**] is **DENIED** and his case is **DISMISSED** without prejudice under § 1915(e)(2)(B).

_____
SENIOR UNITED STATES DISTRICT JUDGE